IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASHLEY B.,[1]

          Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

_____

Civ. No. 3:24-cv-00498-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Ashley B. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by failing to account for all Plaintiff's limitations in her residual functional capacity ("RFC"). Pl.'s Br. 3–20, ECF No. 12. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the commissioner's decision is AFFIRMED.

//

//

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for disability insurance benefits and SSI on October 26, 2017. Tr. 484–94. The claim was denied initially and upon reconsideration. Tr. 367–75, 378–83. Plaintiff requested a hearing before an ALJ and appeared before the Honorable Rudolph Murgo on September 26, 2019.[2] Tr. 280–313. On October 10, 2019, ALJ Murgo dismissed Plaintiff's application for benefits concluding Plaintiff was not disabled under the Social Security Act. Tr. 159. ALJ Murgo's decision was appealed and remanded with instructions to consider Plaintiff's subjective symptom testimony and mental capabilities in Case No. 3:20-cv-01135-YY. Tr. 3399–3412. Accordingly, Plaintiff appeared before the Honorable Jo Hoenninger via telephone for a second hearing on September 19, 2023. Tr. 3322–43. In a written decision dated November 28, 2023, ALJ Hoenninger determined that Plaintiff was not disabled under the Social Security Act. Tr. 3290–3310. Plaintiff sought review from the Appeals Council; the Appeals Council declined. Tr. 1.

Plaintiff is currently 39 years old. *See* tr. 8. Plaintiff alleges disability due to osteoarthritis of the thoracolumbar spine, neuromuscular scoliosis, seizures (unspecified), gastrointestinal issues, post-traumatic stress disorder, generalized anxiety disorder, borderline personality disorder, and depression. Tr. 316–17, 326–27. She has a high school diploma and previous work experience as a telemarketer and hostess. Tr. 531.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record.

---

[2] Plaintiff withdrew her Title II case for disability insurance benefits leaving only her Title XVI SSI claim. Tr. 282.

*See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's RFC, age, education, and work experience. 20

C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

## I.     Residual Functional Capacity

Plaintiff argues the ALJ failed to account for all of Plaintiff's physical limitations in the RFC. Pl.'s Br. 3–20. The RFC reflects the most activity a claimant can perform in a workplace on a regular and continuing basis despite their limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In that context, regular work means eight hours per day, five days per week, or an otherwise equivalent work schedule. SSR 96–8p, 1996 WL 374184, at *2. The RFC must contemplate all of a claimant's medically determinable impairments ("MDIs"), including all physical, mental, and sensory functional limitations caused by those MDIs. 20 C.F.R. §§ 404.1545(a), 416.945(a). However, the ALJ is only required to include those limitations that the ALJ has determined are consistent with the record as a whole. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1034 (9th Cir. 2007).

Here, the ALJ formulated a three-part RFC covering periods from: (1) October 26, 2017, through October 31, 2021; (2) November 1, 2021, through November 30, 2022; (3) and December 1, 2022, through the present. Tr. 3298, 3306, 3007. The ALJ determined Plaintiff's RFC allowed her to perform light work with the following limitations during the first period:

> [S]he could frequently climb ramps and stairs; could occasionally climb ladders, ramps, or stairs; could occasionally stoop and crouch; could frequently kneel and crawl; had sufficient concentration, persistence, and pace to complete simple, routine tasks; could tolerate occasional, superficial contact with coworkers and the general public; and needed to be in a predictable work environment can understand, remember, and carryout instructions for simple, routine tasks with a reasoning level of two or less; limited to making simple work-related decisions; can occasionally interact with supervisors, coworkers, and the general public; and

would be off task less than five percent of the time, scattered throughout the workday.

Tr. 3298. The ALJ added a limitation that Plaintiff "could frequently finger with the right (dominant) upper extremity" for the second period to account for Plaintiff spraining her right wrist on November 1, 2021. Tr. 3306. For the final period, the ALJ added limitations of frequent reaching and handling of the right upper extremity because of a new elbow pain Plaintiff first reported in December 2022. Tr. 3307.

Plaintiff first argues that the ALJ improperly formulated the RFC for Plaintiff's manipulative limitations. Pl.'s Br. 3–15. However, the ALJ's decision here is supported by substantial evidence.

First, for the period of the RFC lasting from November 2021–22, the ALJ acknowledged Plaintiff's right wrist sprain and the coinciding pain, decreased range of motion, and decreased strength. Tr. 3307. In her analysis of Plaintiff's symptoms, the ALJ noted Plaintiff's travel activities from the time and Plaintiff's positive response to treatment. Tr. 3300–01, 5860, 6292. The ALJ noted how "[d]espite complaint of severe wrist pain, she admit[ted] that her injections and use of wrist splint have been effective." Tr. 3301, 6113, 6115, 6117 (Plaintiff endorsed 75% relief from an injection, and 75% relief lasting several months after a follow up injection). The ALJ also noted that Plaintiff did not follow up or have additional treatment to her wrist after telling her provider she will call to discuss surgery if her symptoms do not improve. Tr. 3307, 6116–17. The ALJ was reasonable to find a limitation of frequent fingering of the right upper extremity appropriate because "[t]he record does not support greater right upper extremity limitations during this period, when her treatment was limited to a brief period of bracing, injections, and physical therapy only." Tr. 3307.

5 – OPINION AND ORDER

Second, Plaintiff argues the ALJ improperly found Plaintiff limited to frequent reaching, handling, and fingering with the right upper extremity for the final period of December 1, 2022 through present. Pl.'s Br. 8. The ALJ included these additional manipulative limitations because of returning pain in Plaintiff's elbow in December 2022 and later her right upper extremity more generally in July 2023. Tr. 3307. The ALJ explained these limitations as appropriate because Plaintiff stated to her provider that "she is 'doing ok' and will continue with conservative management" regarding her elbow. Tr. 3307, 6117–18. To address her July injury, Plaintiff did under a month of occupational therapy and splinting. Tr. 3307–08, 6295, 6297. As a result, Plaintiff reported "less forearm pain and fatigue," "improving wrist strength," "good functional use of hand within brace," and a return to "about 80% of normal function" to her right upper extremity. *Id.* The ALJ cited substantial evidence in finding "that claimant is not limited to occasional reaching and handling, and that frequent reaching and handling is sufficient to accommodate the claimant's elbow condition." [3] Tr. 3308.

Plaintiff also argues that the ALJ failed to include limitations in the RFC to accommodate Plaintiff's cervical degenerative disc disease. Pl.'s Br. 15. This decision is also supported by substantial evidence. The ALJ listed Plaintiff's cervical degenerative disc disease as a severe medically determinable impairment and considered Plaintiff's spinal issues throughout her analysis. Tr. 3292, 3299–3308. While formulating the RFC, the ALJ rejected as unpersuasive a portion of a state agency doctor's opinion on the basis it "does not include enough postural limitations to fully accommodate the claimant's documented spinal abnormalities." Tr. 3302.

---

[3] Plaintiff argues the ALJ improperly found Plaintiff capable of frequent reaching, handling, and fingering because "the information identified by the ALJ [is] equally consistent with finding Plaintiff restricted to occasional or frequent reaching, handling, and fingering activities." Pl.'s Br. 12–13. The ALJ's finding is proper because the RFC "is the most you can do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

The ALJ included the following postural limitations to accommodate Plaintiff's spinal abnormalities for each period of the RFC: Plaintiff has the capacity to perform light work except "she could frequently climb ramps and stairs; could occasionally climb ladders, ramps, or [scaffolds]; could occasionally stoop and crouch; could frequently kneel and crawl." Tr. 3298, 3306, 3307.

<u>**CONCLUSION**</u>

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 18th day of June, 2025.


s/  Michael J. McShane
Michael J. McShane
United States District Judge